**TRINITY MANAGEMENT SERVICES,**
Plaintiff–Appellant,

v.

**TRAVELERS PROPERTY CASUALTY CORPORATION; Aetna Casualty & Surety Company of Illinois,** Defendants–Appellees.

No. 99–17303.

D.C. No. CV–99–01532–SBA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 2001.

Decided March 19, 2001.

Before REINHARDT, RYMER and FISHER, Circuit Judges.

MEMORANDUM [*]

■■■ Trinity Management Services ("Trinity") sued Travelers Property Casualty and Aetna Casualty ("Travelers") for failing to defend and provide indemnifica-

tion for the lawsuit filed by John Scarry which alleged that his raft was not returned to him. Trinity argues it was entitled to coverage under three separate provisions of its Travelers-issued insurance policy ("Policy"). The district court granted Travelers' motion for judgment on the pleadings on the ground that the Policy did not provide coverage for the Scarry suit. We review a judgment on the pleadings de novo. *Nelson v. City of Irvine,* 143 F.3d 1196, 1200 (9th Cir.1998). Trinity argues that Travelers was obligated to defend the Scarry suit under the Coverage A portion of the Policy. "[A]n insurer has a duty to defend an insured if it becomes aware of, or if the third party lawsuit pleads, facts giving rise to the potential for coverage under the insuring agreement." *Waller v. Truck Ins. Exchange, Inc.,* 11 Cal.4th 1, 19, 44 Cal.Rptr.2d 370, 900 P.2d 619 (1995) (citing *Gray v. Zurich Ins. Co.,* 65 Cal.2d 263, 276, 54 Cal.Rptr. 104, 419 P.2d 168 (1966)). The existence of the duty turns on the facts known to the insurer at the inception of the lawsuit. *Montrose Chemical Corp. v. Superior Court,* 6 Cal.4th 287, 295, 24 Cal.Rptr.2d 467, 861 P.2d 1153 (1993). Scarry's complaint is premised upon Trinity's possessing his raft and failing to return it to him. All liability in the Scarry suit stems from Trinity's possessing the raft. This clearly implicates the exclusion for coverage under this portion of the Policy for personal property in the "care, custody or control" of the insured. *See Karpe v. Great Amer. Indemnity Co.,* 190 Cal.App.2d 226, 230–33, 11 Cal.Rptr. 908 (1961). Accordingly, Travelers did not have the duty to defend Trinity under Coverage A.

■■■ Trinity next argues Travelers was obligated to defend Scarry's Cal. Civ.

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Code § 1965 cause of action under the Coverage B portion of the Policy. Coverage B requires Travelers to defend suits that claim an "invasion of the right of private occupancy." Trinity contends that § 1965 implicates this coverage. The invasion of the right of private occupancy "connotes disruptions of the ability of a landowner to actually occupy his property, not mere injuries to property." ' *Stein–Brief Group, Inc. v. Home Indemnity Co.*, 65 Cal.App.4th 364, 373, 76 Cal.Rptr.2d 3 (1998). "[C]laims that do not involve the physical occupation of or trespass upon real property are not within the meaning of the phrase, even though the claim may entail interference with rights relating to such property." *Sterling Builders, Inc. v. United National Ins. Co.*, 79 Cal.App.4th 105, 108, 93 Cal.Rptr.2d 697 (2000). Section 1965 does not involve the physical occupation of or trespass upon real property; it is concerned solely with personal property. It sets forth a procedure for the transfer of a tenant's personal property that is in a landlord's possession after the tenant's right to occupancy has terminated. Accordingly, Travelers did not have a duty to defend Scarry's § 1965 claim.

■ Trinity further argues that its complaint alleged that Travelers breached the first-party property coverage provisions of the Policy. Even if Trinity's complaint were so construed, it would not state a claim upon which relief can be granted. Trinity acknowledges that the duty to defend does not apply to first party coverage Moreover, the applicable provision of the policy only obligated Travelers to pay claims in excess of the $25,000 deductible. The property at issue, however, was only valued at $9,000. Accordingly, Travelers did not have an obligation to defend or to pay a claim under this portion of the Policy. Because Travelers was not obligated to defend or indemnify Trinity under any of the Policy's provisions, the district court did not err in granting Travelers' motion for judgment on the pleadings.

We further hold that the district court did not abuse its discretion in denying Trinity leave to amend its complaint. *See Pierce v. Multnomah County, Oregon*, 76 F.3d 1032, 1043 (9th Cir.1996). Trinity's proposed amendments would not have changed Travelers' responsibility for coverage or indemnification and would therefore have been futile.

AFFIRMED.